UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DASHA J. WRIGHT, As Administratrix of the
ESTATE OF CAMEREN F. SMITH,
And as Parent and Guardian of CALIE J. SMITH
and CYLAH F. SMITH, Infants,                         **ANSWER**

                        Plaintiff       Civil Action No.  23-cv-00566

vs.

BOSLER DESIGN SERVICES, INC.,

                    Defendant.

_____

      Defendant, Bosler Design Services, Inc. (hereinafter "Bosler" or "Answering Defendant"), by its attorneys Gibson, McAskill & Crosby, LLP, hereby Answers Plaintiff's Complaint as follows:

      1.     Bosler denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1.

      2.     Bosler denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2.

      3.     Bosler denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

      4.     Bosler denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

      5.     With regard to the allegations contained in Paragraph 5 of the Complaint, the Answering Defendant reserves all questions of law to this Court and admits that Bosler was a Pennsylvania corporation with its principal place of business located at 50 Princeton Court, Langhorne, Pennsylvania 19047.

6. Bosler denies knowledge and information sufficient to form a belief with respect to the factual allegations contained in Paragraph 6, and reserves all questions of law to this Court. Additionally, Bosler denies each and every remaining allegation contained in Paragraph 6, that is directed to the Answering Defendant.

7. Bosler denies knowledge and information sufficient to form a belief with respect to the factual allegations contained in Paragraph 7, and reserves all questions of law to this Court. Additionally, Bosler denies each and every remaining allegation contained in Paragraph 6, that is directed to the Answering Defendant.

8. The Answering Defendant admits that it designed (in part) and manufactured (in part) certain machines that were licensed to CertainTeed. Additionally, Bosler reserves all questions of law to this Court, and denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. The Answering Defendant admits that it designed (in part) the machine identified in Paragraph 9 of Plaintiff's Complaint.

10. The Answering Defendant admits that it manufactured (in part) the machine identified in Paragraph 10 of Plaintiff's Complaint.

11. Bosler denies each and every allegation contained in Paragraph 11.

**AS TO THE ALLEGATIONS IN THE FIRST CAUSE OF ACTION:**

12. Bosler incorporates by reference all of its responses to Paragraphs 1-11 as if fully restated in this response to Paragraph 12 of the Complaint.

13. Denies each and every allegation contained in Paragraph 13.

14. Denies each and every allegation contained in Paragraph 14.

15. Denies each and every allegation contained in Paragraph 15.

16. As to the allegations contained in Paragraph 16 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

### AS TO THE ALLEGATIONS IN THE SECOND CAUSE OF ACTION:

17. Bosler incorporates by reference all of its responses to Paragraphs 1-16 as if fully restated in this response to Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18.

19. Denies each and every allegation contained in Paragraph 19.

20. Denies each and every allegation contained in Paragraph 20.

21. As to the allegations contained in Paragraph 21 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

### AS TO THE ALLEGATIONS IN THE THIRD CAUSE OF ACTION:

22. Bosler incorporates by reference all of its responses to Paragraphs 1-21 as if fully restated in this response to Paragraph 22 of the Complaint.

23. As to the allegations contained in Paragraph 23 of the Complaint, Bosler denies making any warranties except those warranties implied by law; Bosler denies breaching any said warranties, and denies any remaining allegations contained in Paragraph 23 of the Complaint.

24. Denies each and every allegation contained in Paragraph 24.

25. As to the allegations contained in Paragraph 25 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies knowledge and information sufficient to form a belief as to each and every remaining allegation directed to this Answering Defendant.

26. Denies each and every allegation contained in Paragraph 26.

27. Denies each and every allegation contained in Paragraph 27.

28. Denies each and every allegation contained in Paragraph 28.

29. Denies each and every allegation contained in Paragraph 29.

30. As to the allegations contained in Paragraph 30 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

**AS TO THE ALLEGATIONS IN THE FOURTH CAUSE OF ACTION:**

31. Bosler incorporates by reference all of its responses to Paragraphs 1-30 as if fully restated in this response to Paragraph 31 of the Complaint.

32. As to the allegations contained in Paragraph 32 of the Complaint, Bosler denies making any warranties except those warranties implied by law; Bosler denies breaching any said warranties, and denies any remaining allegations contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33.

34. As to the allegations contained in Paragraph 34 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies knowledge and information sufficient to form a belief as to each and every remaining allegation directed to the Answering Defendant.

35. Denies each and every allegation contained in Paragraph 35.

36. Denies each and every allegation contained in Paragraph 36.

37. Denies each and every allegation contained in Paragraph 37.

38. Denies each and every allegation contained in Paragraph 38.

39. As to the allegations contained in Paragraph 39 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

### AS TO THE ALLEGATIONS IN THE FIFTH CAUSE OF ACTION:

40. Bosler incorporates by reference all of its responses to Paragraphs 1-39 as if fully restated in this response to Paragraph 40 of the Complaint.

41. Denies each and every allegation contained in Paragraph 41.

42. Denies each and every allegation contained in Paragraph 42.

43. Denies each and every allegation contained in Paragraph 43.

44. Denies each and every allegation contained in Paragraph 44.

45. As to the allegations contained in Paragraph 45 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

### AS TO THE ALLEGATIONS IN THE SIXTH CAUSE OF ACTION:

46. Bosler incorporates by reference all of its responses to Paragraphs 1-45 as if fully restated in this response to Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47.

48. Denies each and every allegation contained in Paragraph 48.

49. Denies each and every allegation contained in Paragraph 49.

50. Denies each and every allegation contained in Paragraph 50.

51. As to the allegations contained in Paragraph 51 of the Complaint, the Answering Defendant reserves all questions of law to this Court, and denies each and every remaining allegation directed to the Answering Defendant.

52. Paragraph 52, of the Complaint, does not contain any allegation directed to the Answering Defendant and the Answering Defendant reserves all questions of law to this Court.

53. Bosler denies each and every allegation of Plaintiff's Complaint not heretofore specifically admitted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

54. Pleading further, alternatively, and by way of affirmative defense, Bosler contends Plaintiff's damages, if any, may have been caused by third persons not under the control of Bosler. The acts or omissions of such third persons may have been the sole and/or producing and/or proximate cause of Plaintiff's alleged damages, if any, and if the defendant, Bosler, is found liable to any degree in this action to the Plaintiff, then Defendant Bosler, may be entitled to indemnification, including contractual and common law indemnity, or contribution, and judgement over and against the third-parties, for the full amount of said liability, or for such proportionate share as represents the full amount, degree or kind of negligence attributable to the third-party tortfeasor pursuant to Article 14 of the Civil Practice Law and Rules.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

55. Pleading further, alternatively, and by way of affirmative defense, Bosler contends Plaintiff's damages, if any, may have been caused by Plaintiff-Decedent's own acts and/or omissions. The acts or omissions of Plaintiff-Decedent may have been the sole and/or producing and/or proximate cause of Plaintiff's alleged damages, if any, and any damages otherwise recoverable by Plaintiff, in this action, shall be diminished in proportion with the Plaintiff's culpable conduct pursuant to Article 14A of the New York State Civil Procedure Law and Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

56. Pleading further, alternatively, and by way of affirmative defense, the Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

57. Pleading further, alternatively, and by way of affirmative defense, the claims set forth in the Complaint may be barred by Plaintiff's assumption of the risk.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

58. Pleading further, alternatively, and by way of affirmative defense, the claims set forth in the Complaint are barred by the abnormal use and/or unintended use and/or misuse of the product at issue in this litigation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

59. Pleading further, alternatively, and by way of affirmative defense, the alleged acts and/or omissions by Bosler were not the proximate cause of Plaintiff's injuries. If Plaintiff sustained any damages, injuries or losses as alleged in the Complaint, such damages, injuries, or losses were caused by superseding and/or intervening acts, conduct or causes sufficient to exculpate Bosler from liability to Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

60. The machine referred to in Plaintiff's Complaint conformed to the then existing state-of-the-art.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

61. Pleading further, alternatively, and by way of affirmative defense, the claims asserted in the Complaint may be barred by Plaintiff's or a third party's spoliation of evidence.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

62. Pleading further, alternatively, and by way of affirmative defense, if the product involved in this litigation was a product which Bosler designed, manufactured, sold, or distributed, said product was designed, manufactured, sold, and distributed in accordance with existing standards, regulations, statutes, and state-of-the-art existing at the time of such activities and the products were neither defective nor unreasonably dangerous at the time they left Bosler's control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

63. Pleading further, alternatively, and by way of affirmative defense, in the event plaintiffs obtain a judgment against Bosler, then Bosler is entitled to set-off or reduction of any damage award, liability for which is expressly denied, for amounts received from any collateral sources, including, but not limited to, insurance, social security, workers' compensation, or employee benefit programs, pursuant to CPLR § 4545.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:

64. Pleading further, alternatively, and by way of affirmative defense, if Plaintiff sustained any damages at the time and place alleged in the Complaint, upon information and belief, Plaintiff may have failed to mitigate those damages.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF**

65. Pleading further, alternatively, and by way of affirmative defense, if Plaintiff received, or subsequently receives, full or partial payment for the damages alleged in Plaintiff's Complaint by way of a settlement against a co-defendant or other unnamed tortfeasors, and/or their insurance company then any such judgment which may be rendered against the Answering Defendant must be reduced by the amount stipulated by the release between the co-defendant or other unnamed tortfeasors, and/or his or her insurance company and Plaintiff, or in the amount of the consideration paid for it or in the amount of the released tortfeasor's equitable share of the damages under Article 14 of the New York Civil Practice Laws and Rules, whichever is greatest, pursuant to New York General Obligation Law §15-108.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

66. Pleading further, alternatively, and by way of affirmative defense, Bosler's liability, if any, may be fifty percent (50%) or less and as such, the Answering Defendant's liability to the Plaintiff for non-economic loss shall not exceed each respective tortfeasor's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss pursuant to Article 16 of the New York CPLR.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF**

67. Any cause of action, for breach of expressed or implied warranty, is barred under New York's Statute of limitations and/or the Uniform Commercial Code.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

68. The product/machine identified in Plaintiff's Complaint may have been altered, substantially modified or otherwise changed after it left the Answering Defendant's possession, custody, and control, and as such, Bosler is not liable for Plaintiff's alleged damages.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES UPON INFORMATION AND BELIEF:**

69. Pleading further, alternatively, and by way of affirmative defense, Bosler adopts and incorporates by reference, such defenses as may be raised by any other subsequently named defendant in this action.

70. Pleading further, Bosler reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, and to assert third-party claims and any other claims, all as may be required upon the completion of discovery in this matter.

**JURY DEMAND**

71. Bosler demands a jury be impaneled to try the facts and issues of this case.

**WHEREFORE**, the Answering Defendant demands a judgment dismissing Plaintiff's Complaint; or, in the event that Plaintiff is entitled to recover, that the amount of damages recoverable be diminished in the proportion which the culpable conduct and contributory negligence attributed to Plaintiff bears to the culpable conduct and negligence which caused such damages pursuant to Article 14A; that any verdict be reduced pursuant to CPLR § 4545; that liability be apportioned among all parties pursuant to Article 14 of the Civil Practice Law and Rules and Answering Defendant receives indemnification and/or contribution in accordance with such apportionment together with the costs and disbursements of this action; and for such other, further and different relief which may seem just, proper and equitable.

Dated: June 27, 2023  
      Buffalo, New York

s/*Kyle W. Dukmen*  
_____  
KYLE W. DUKMEN, ESQ.  
Gibson, McAskill & Crosby, LLP  
*Attorneys for Defendant*  
*BOSLER DESIGN SERVICES, INC.*  
69 Delaware Avenue, Suite 900  
Buffalo, New York 14202  
(716) 856-4200

TO:   John F. Maxwell, Esq.  
       Maxwell Murphy, LLC  
       *Attorneys for Plaintiff*  
       1230 Delaware Ave.  
       Buffalo, NY 14209  
       (716) 885-1300